UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ALLSTATE INSURANCE COMPANY,     CIVIL ACTION
ET AL

VERSUS     NO. 08-810

COMMUNITY HEALTH CENTER, INC.,     SECTION "C" (5)
ET AL

ORDER AND REASONS

This matter comes before the Court on motion to strike reconventional demand filed by the plaintiff Allstate Insurance Company ("Allstate") and motion to extend discovery, modify scheduling order and/or to find that case is complex filed by the defendants, Community Health Center, Inc., Community Health & Rehabilitation Center, Inc., Kathy Hampton, Leon Hampton and Mid City Imaging. Rec. Docs. 38, 42. Having considered the record, the memoranda of counsel and the law, the Court rules as follows.

The plaintiffs, Allstate Insurance Company, Allstate Indemnity Company, Allstate Property & Casualty Company, Allstate Fire and Casualty Insurance Company and Allstate County Mutual Insurance Company (collectively "Allstate") have filed a complaint under diversity jurisdiction, alleging fraud and unjust enrichment against the

defendants for their "marketing and solicitation project" involving individuals allegedly injured in automobile accidents allegedly caused by Allstate insureds and the defendants' provision of false medical reports and bills to attorneys and Allstate, resulting in damages in the amount of $478,278.00 plus "continuing losses." Rec. Doc. 1. Prior to transfer to the undersigned, the defendants filed a motion to dismiss, which remained pending on the docket until this Court's September 2011 summary denial. Rec. Doc. 26.

For reasons not apparent in the record, an answer was not filed until February 16, 2012, after trial had been set. Included in the answer was a "reconventional demand," which will be treated by the Court as a counterclaim, based on diversity and unspecified sections of Title VII, seeking damages based on discrimination, harassment, violations of their interests in personal dignity, freedom from humiliation, safety, health and general welfare." Rec. Doc. 35.[1]

In the motion to strike, the plaintiffs oppose the reconventional demand based on its untimeliness when measured by the deadlines contained in the Scheduling Order. Rec. Doc. 30. The plaintiffs' argument is well-taken, were it not for the fact that leave of

---

[1]Included as a "reconvener" is an unidentified non-party defendant, Eugene Waddis. Counsel for plaintiff is advised that this party is not properly before the Court.

Court is not required to file an initial answer or counterclaim under Fed. R. Civ. P. 13., and at no time after the denial of the motion to dismiss did the plaintiffs' move for default judgment due to the lack of an answer.

Also before the Court is the defendants' motion to extend discovery, modify Scheduling Order and "find that case is complex." Rec. Doc. 42. The defendants argue that one of the individual defendants is "seriously ill and stressed out" and that the current deadlines set forth in the Scheduling Order do not "provide a reasonable opportunity for defendants to fully asses [sic] their counterclaim (Reconventional Demand) and conduct key activities prior to filing same." Rec. Doc. 42-1 at 2. No specific alternative discovery deadlines are suggested by the defendants. The plaintiffs oppose the motion because of the defendants' disregard of the deadlines set forth in the Scheduling Order and failure to show good cause for any delay.

The Court notes that the various pre-trial deadlines have not yet passed and no reason has been presented why they can not be met. Rec. Doc. 30. The Court finds that the defendants have not shown good cause for an indefinite delay, and that good cause does not otherwise exist because of the filing of their counterclaim. Instead, the defendants have been afforded in excess of three years to consider and develop the basis for that counterclaim. In this regard, counsel are advised that this case is one of

3

only three on the docket of the undersigned that has been pending for such a length of time as to require progress reporting by the undersigned to the Fifth Circuit Court of Appeals.

Accordingly,

IT IS ORDERED that the plaintiffs' motion to strike reconventional demand is DENIED. Rec. Doc. 38.

IT IS FURTHER ORDERED that the motion to extend discovery, modify scheduling order and/or to find that case is complex filed by the defendants, Community Health Center, Inc., Community Health & Rehabilitation Center, Inc., Kathy Hampton, Leon Hampton and Mid City Imaging, is DENIED. Rec. Doc. 42.

New Orleans, Louisiana, this 2nd day of April, 2012.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE