UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ALLSTATE INSURANCE COMPANY,     CIVIL ACTION
ET AL

VERSUS                           NO. 08-810

COMMUNITY HEALTH CENTER, INC.,     SECTION "C" (5)
ET AL

ORDER AND REASONS

This matter comes before the Court on motion to appeal magistrate's ruling by

the defendants, Community Health Center, Inc., Community Health & Rehabilitation

Center, Inc., Kathy Hampton, Leon Hampton and Mid City Imaging.    Rec. Doc. 15.

Having considered the record, the memoranda of counsel and the law, the Court denies

the motion for the following reasons.

The plaintiffs, Allstate Insurance Company, Allstate Indemnity Company,

Allstate Property & Casualty Company, Allstate Fire and Casualty Insurance Company

and Allstate County Mutual Insurance Company (collectively "Allstate") have filed a

complaint under diversity jurisdiction alleging fraud and unjust enrichment against the

defendants for their "marketing and solicitation project" involving individuals

allegedly injured in automobile accidents allegedly caused by Allstate insureds and the

defendants' provision of false medical reports and bills to attorneys and Allstate.   Rec.

Doc. 1.   The defendants challenge the April 19, 2012, order of Magistrate Judge Chasez

that they produce patients' charts pursuant to the Health Insurance Portability and

Accountability Act of 1996, 45 C.F.R. § 164.512(e)(1)(I) ("HIPAA"), with redacted patient

names and subject to the use prohibitions and return obligations set forth in the

plaintiffs' proposed protective order.  Rec. Docs. 67-5, 85.

In this motion, the defendants appeal that order with several arguments.  First,

they argue that the approximately 200  charts belong to non-parties, that plaintiffs can

not explain how this information is essential to their case, and that the information is

sought only to allow plaintiffs' experts to devise a case for them.  Rec. Doc. 86-2 at 2.

They argue that plaintiffs' have no cause of action and the charts are not related to this

suit.  The defendants argue that HIPAA prohibits disclosure of the information because

"their case has to come under a Federal Question"and the production governed by

stricter Louisiana law requirements and that, in addition, under Fed.R.Evid. 403 , the

"tenuous relevance of such documents is substantially outweighed by the danger of

unfair prejudice as well as jury confusion that will emanate from such."  Rec. Doc. 86-2

at 4–5.

The plaintiffs argue in opposition that they discovered the fraud through

2

discovery in a separate suit involving the defendants, their claims are based on the allegedly fraudulent treatment and billing of the defendants' patients, and the discovery contained in these files is highly relevant and necessary. They argue that the Magistrate's order complies with HIPAA, that patient consent is not required under HIPAA and that Louisiana law is not only inapplicable, but provides for less stringent safeguards than HIPAA.

The Court finds that the order of the magistrate is not clearly erroneous or contrary to law. The Court's reading of the case relied upon by the defendants, *United States v. The Louisiana Clinic*, 2002 WL 31819130 (E.D.La.), indicates that it does not provide support for the proposition that individual non-party consent is required in this matter under Louisiana law.

Accordingly, IT IS ORDERED that the motion to appeal magistrate's ruling filed by the defendants Community Health Center, Inc., Community Health & Rehabilitation Center, Inc., Kathy Hampton, Leon Hampton and Mid City Imaging is DENIED and the order of the magistrate judge is AFFIRMED. Rec. Doc. 86.

New Orleans, Louisiana, this 25th day of May, 2012.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

Case 3:08-cv-00810-HGB-AC   Document 96   05/25/12   Page 3 of 3