UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ALLSTATE INSURANCE COMPANY,     CIVIL ACTION
ET AL

VERSUS     NO. 08-810

COMMUNITY HEALTH CENTER, INC.,     SECTION "C" (5)
ET AL

ORDER AND REASONS

This matter comes before the Court on motion to dismiss reconventional demand filed by Allstate Insurance Company, Allstate Indemnity Company, Allstate Property & Casualty Company, Allstate Fire and Casualty Insurance Company and Allstate County Mutual Insurance Company (collectively "Allstate"). Rec. Doc. 92. Having considered the record, the memoranda of counsel and the law, the Court denies the motion for the following reasons.

The plaintiffs have filed a complaint against the defendants, Community Health Center, Inc., Community Health & Rehabilitation Center, Inc., Kathy Hampton, Leon Hampton and Mid City Imaging under diversity jurisdiction alleging fraud and unjust enrichment against the defendants for their "marketing and solicitation project" involving individuals allegedly injured in automobile accidents allegedly caused by

Allstate insureds and the defendants' provision of false medical reports and bills to attorneys and Allstate. Rec. Doc. 1. The defendants, in turn, filed a counterclaim against the plaintiffs for race-based discrimination and harassment. Rec. Doc. 35 at ¶¶ 29–561.

In this motion, the plaintiffs seek dismissal of the counterclaim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. They argue that allegations against Allstate in counterclaim are not supported by facts and present frivolous and speculative allegations. In so doing, Allstate refers to deposition testimony supportive of their claims of fraudulent activity on the part of the defendants. The defendants oppose the motion with the argument that the allegations, taken in the light most favorable to the defendants, are sufficient, that the deposition testimony should not be considered on a motion to dismiss, and that the defendants do not need to detail factual allegations in the pleading. Rec Doc. 97.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiffs. *Baker v. Putnal*, 75 F.3d. 190, 196 (5th Cir. 1996). Although courts are required to take as true all factual allegations in the complaint, they are not bound to accept labels, conclusions, or formulaic recitation of the elements of a cause of action. *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right of relief above the speculative level. The pleading must contain something . . . more . . . than . . . a statement of facts that merely creates a suspicion [of'] a legally cognizable right of action, on the assumption that all the allegation in the complaint are true (even if doubtful in fact)." *Id.* (citations and quotations omitted). The plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278 (5th Cir. 1993).

To defeat a motion to dismiss, a complaint must "contain either direct allegations on every material point necessary to sustain a recovery" or "contain allegations from which an inference fairly may be drawn that the evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citations omitted). Therefore, a plaintiff must "plead specific facts not mere conclusory allegations" to avoid dismissal for failure to state a claim. *Guidry v. Bank of LaPlace*, 954 F.2d 178, 281 (5th Cir. 1992).

Under the standard applicable to a motion to dismiss, the deposition testimony is not considered, and Allstate's motion is subject to dismissal. In so ruling, the Court

3

notes that the legal bases for their claims cited by the defendants in their opposition are not included in their counterclaim, which cites to Title VII, unspecified federal and state law, and unspecified constitutional provisions. Rec. Doc. 35 at ¶¶ 42, 45. These citations are not the same as those set forth in the opposition. Counsel for the defendants are advised that Defendants can not amend their counterclaim through statements contained in their opposition. If defendants wish to amend the counterclaim, they must do so by separate motion for leave to amend.

Accordingly,

IT IS ORDERED that the motion to dismiss reconventional demand filed by Allstate Insurance Company, Allstate Indemnity Company, Allstate Property & Casualty Company, Allstate Fire and Casualty Insurance Company and Allstate County Mutual Insurance Company is DENIED. Rec. Doc. 92.

New Orleans, Louisiana, this 20th day of June, 2012.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE