UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ALLSTATE INSURANCE COMPANY,			CIVIL ACTION
ET AL

VERSUS						NO. 08-810

COMMUNITY HEALTH CENTER, INC.,		SECTION "C" (5)
ET AL

ORDER AND REASONS

This matter comes before the Court on pre-trial filings filed by the parties. The Court has serious concerns regarding the status of this matter as it moves toward trial on September 24, 2012. These problems originate primarily from continued delay and disregard of orders by the defendants, but continue with apparent misunderstanding on the part of the plaintiffs as to the scope and effect of the grant of summary judgment. The Court recognizes that it has contributed to the overall confusion by virtue of the brevity of reasons provided in granting the motion for summary judgment based on the lack of opposition from the defendants. Rec. Docs. 163, 194.

By its own language, the motion for summary judgment sought two things: (1) "judgment finding defendants liable for committing fraud" and (2) "judgment dismissing the defendants' counterclaim," which the Court had previously

characterized as race-based. Rec. Docs. 116 at 1; 105; and 35 at 10–18. The defendants were on notice that the untimely filing of an opposition would result in granting without further notice. Rec. Docs. 163, 133. In granting summary judgment, the Court construed the motion as seeking a general finding of fraud and specifically stated that the amount owed remained for trial. Rec. Doc. 163.

The Court continues to read the motion for summary judgment as seeking an extremely general finding of liability supported with examples that some prescriptions, paperwork and procedures were not as represented in paperwork generated by the defendant corporation. The Court did not independently scrutinize the volumes of exhibits attached to the motion for specific claims that were not specifically identified and discussed in the motion and memorandum itself. The Court construed the counterclaim as race-based when it was dismissed on summary judgment based on that finding of liability.[1]

At the pre-trial conference, the Court was concerned by the plaintiffs' position that evidence regarding fault was irrelevant at trial. The Court tried to explain that the plaintiffs have much to prove at trial despite the grant of summary judgment.

---

[1] The Court remains concerned as to the defendants' statement in the pre-trial order that its counterclaim alleges defamation and tort-based interference with business. Rec. Doc. 193 at 7.

Allegations of fraud are necessarily specific in nature, even when the complaint is not timely challenged, as here. Proving damages for fraud has proven problematic for insurance carriers before, as set forth in *Allstate Insurance Co. v. Receivable Finance Co., L.L.C.*, 501 F.3d 398 (5th Cir. 2007), which was cited to counsel for the plaintiffs at the conference.

The pre-trial filings to date indicate continued confusion on the part of the plaintiffs and the scope of the issues remaining for trial. The plaintiffs filed a motion for leave to file amended pre-trial order containing additional witnesses; it is unclear from the language contained in the motion for leave whether or not the defendants, in fact, oppose the amendment. Rec. Docs. 190; 191 at ¶(7). The plaintiffs' proposed findings of fact and conclusions of law do not contain a single legal citation, but only reference to the grant of summary judgment. Their motion in limine seeks an order barring the defendants from introducing any of their proposed exhibits at trial because of the grant of summary judgment. Rec. Doc. 197. Their opposition to the defendants' pre-trial memorandum reflects a continued expanded reading of the Court's ruling as to fraud. The Court continues to construes the scope and effect of that grant more narrowly than the plaintiffs, and does not find that the ruling extends beyond the general arguments contained in the motion for summary judgment and memorandum. Rec. Doc. 199.

At the same time, the defendants continue to ignore Court-ordered deadlines regarding any opposition to the defendants' motion in limine and regarding replies supporting their own objections to the plaintiffs' spreadsheet and deposition testimony.[2] Rec. Doc. 191. As a result, the issues presented by the plaintiffs in those filings are ripe for determination, once again without opposition from the defendants.

Also, the Court ordered briefing on the contested issues of law presented in the pre-trial order. Rec. Docs. 191, 193. The defense issues regarding prescription and the sufficiency of the fraud allegations are not irrelevant by virtue of the grant of summary judgment.[3] The plaintiffs' proof of damages needs to include specific allegations of fraud against a specific defendant and/or defendants at a specific time and the requisite connection in order to be quantifiable and/or recoverable.[4]

Despite the fact that this complaint was filed in December 2008, the Court is presented with a record that contains no identification of the specific claims of fraud

---

[2] The Court notes that the plaintiffs' objections to deposition testimony do not appear in the record, although the Court received a paper copy of same.

[3] The Court is not persuaded by the defendants' argument concerning lack of standing by virtue of La. Rev. Stat. §§ 22:1923-1926, however. Those statutes appear to concern criminal prosecution for insurance fraud.

[4] The Court notes that in the motion for summary judgment the plaintiffs did not attempt to connect any specific fraudulent activity to either individual defendant for purposes of damages.

4

attendant to any specific amount of damages.  It does appear that the plaintiffs may have attempted to specifically identify each claim, with specific dates and specific persons, in the volumes of paper evidence contained in the Bench Book and in its proposed spreadsheet.   The case can not proceed to trial without clear identification of each claim in the record prior to trial.

The Court is optimistic that all necessary information is readily available to counsel as part of the trial preparation presently underway and the record shortcomings can be corrected so that this matter can proceed to trial as currently scheduled.  It is also confident that sufficient opportunity for discovery has been provided in this matter.

Therefore, at trial, the plaintiffs will have to present evidence establishing fraud for each allegedly fraudulent claim being made, as well as evidence as to the damages caused thereby, despite the grant of summary judgment.  It does not appear to the Court that a full trial on all claims would be substantially different or longer than an abbreviated one on damages.  A full trial after all claims have been sufficiently specified in writing  presents a more complete record for purposes of any appeal.

Accordingly,

IT IS ORDERED that:

5

1. Counsel for the defendants shall show cause in writing and before September 18, 2012, at noon, why he has not complied with the filing deadlines set forth in the Court's minute entry. Rec. Doc. 191.

2. Counsel for the defendants shall advise the Court in writing and no later than September 18, 2012, at noon, whether the defendants oppose the plaintiffs' motion for leave to file amended pre-trial order and if there is opposition, the reasons for the opposition. Rec. Doc. 190.

3. By September 18, 2012, at noon, counsel for the defendants shall file a memorandum regarding its proposed proof re: prescription along with a memorandum in response to the memorandum filed by the plaintiffs on the issue. Rec. Doc. 199.

3. By September 18, 2012, at noon, counsel for all parties shall file memoranda re: the viability of the alleged counterclaim for defamation and tort-based interference with business referenced in the pre-trial order. Rec. Doc. 193 at 7.

4. By September 19, 2012, at noon, counsel for the plaintiffs shall file a specification, by spreadsheet or otherwise, containing each claim of fraud being made against each defendant and the amount of damages sought in connection therewith, along with dates, persons and reference to specific exhibits contained in the

Bench Book. By that same time, counsel shall confer as to the possibility of expediting trial by using affidavits and/or stipulations as to the presentation of evidence re: claims involving similar instances of allegedly fraudulent activity, and shall advise the Court of the outcome of those discussions in writing.

New Orleans, Louisiana, this 17th day of September, 2012.

                                      HELEN G. BERRIGAN
                                      UNITED STATES DISTRICT JUDGE

7

Case 3:08-cv-00810-HGB-AC   Document 200   09/17/12   Page 7 of 7