UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| ALLSTATE INSURANCE COMPANY, ET AL | CIVIL ACTION |
|---|---|
| VERSUS | NO. 08-810 |
| COMMUNITY HEALTH CENTER, INC., ET AL | SECTION "C" (5) |

ORDER AND REASONS

This matter comes before the Court on motion for summary judgment filed by the plaintiffs, Allstate Insurance Company, Allstate Indemnity Company and Allstate Property & Casualty Company (collectively "Allstate"), and motion for summary judgment filed by the defendants. Rec. Docs. 278, 316. Having considered the record, the memoranda of counsel and the law, the Court has determined that summary judgment is inappropriate for the following reasons.

The plaintiffs filed suit in this diversity action seeking damages for alleged fraud and unjust enrichment. Rec. Docs. 1, 238. The defendants counterclaimed with a claim of racial discrimination and violation of equal protection under 42 U.S.C. §§ 1981 – 1983. Rec. Docs. 35, 331. The plaintiffs seek summary judgment finding the defendants liable for fraud in the amount of $458,398.00 and dismissing the defendants' counterclaim. In the defendants' motion, summary judgment is sought based on

precription, lack of standing, lack of sufficient particularity in pleading, and the unavailability of unjust enrichment because of unclean hands and the presence of an adequate remedy at law.   Rec. Doc. 316.

Rule 56 of the Federal Rules of Civil Procedure states: "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56.  When considering whether any genuine issues of material fact exists, courts view the evidence and inferences drawn from that evidence in the light most favorable to the non-moving party. *United States ex re. Reagan v. East Texas Medical Center Regional Healthcare System*, 384 F.3d 168, 173 (5th Cir. 2004) (*citing Daniels v. City of Arlington, Texas*, 246 F.3d 500, 502 (5th Cir. 2001)).

An issue is material if its resolution could affect the outcome of the action. *Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 409 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2502, 91 L.Ed.2d 202 (1986)).  A factual dispute precludes summary judgment if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Hunt v. Rapides Healthcare Sys. LLC*, 277 F.3d 757, 762 (5th Cir. 2001).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the

record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (*citing Celotex*, 477 U.S. at 322-24). In order to satisfy its burden, the nonmoving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See e.g., Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 871-73 (1990). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. *See Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-48 (1996). "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249-50.

In general, an tort action for fraud under Louisiana law requires that the plaintiff show: (1) misrepresentation of material fact; (2) made with the intent to deceive; (3) reasonable or justifiable reliance by the plaintiff; and (4) resulting injury. *Newport Ltd. v. Sears, Roebuck & Co.*, 6 F.3d 1058, 1068 (5th Cir. 1993). The plaintiffs allege in their motion that "Allstate paid numerous bills submitted by, or on behalf of, the defendants on the mistaken belief that the bills were for legitimate medical services." Rec. Doc. 278-

3

1 at 1.  The gist of the claims are that the defendants' medical records contain evidence of fraudulently prepared initial medical evaluations unsigned by a physician, photocopied signatures of "techs" on treatment forms and prescriptions with physician stamps instead of signatures.  Rec. Doc. 278-1 at 6–7.  The plaintiffs also rely on deposition testimony and affidavits from doctors, techs and other employees who formerly worked with the defendants, along with various experts.  The defendants argue in opposition that they "rendered services and are entitled to be paid for services rendered to those patients who came in pains [sic] and with injuries of all kinds and were almost back to normal at the end of their treatment at Community Health Center."  Rec. Doc. 351 at 2.  The defendants also argue that the credibility of the witnesses is at issue, that the plaintiffs' claims are insufficiently specific, that the plaintiffs' claims have prescribed, that the unjust enrichment claims should be dismissed and the defendants' counterclaim should stand.

     The defendants' motion for summary judgment echoes their opposition and presents two issues that the Court previously ruled on and need not decide again.  First, the plaintiffs do have standing to sue for damages they have sustained despite La.Rev.Stat. §§ 22:1923–26, which concern criminal prosecution for insurance fraud.  Rec. Doc. 200.  Second, the Court previously found that the amended complaint is sufficiently specific for purposes of Fed.R.Civ.P. 9(b) and, in any event, the defendants

4

did not appeal the Magistrate Judge's ruling on the motion for more specific statement. Rec. Docs. 266, 329.  The plaintiffs do not address the defendants' motion as it pertains to unjust enrichment and the adequacy of a remedy at law, which, along with the issue of prescription, the Court defers for trial.

In this matter, the Court previously granted summary judgment when the defendants failed to file an opposition to the plaintiffs' first motion for summary judgment, noting that the issue of damages remained for trial.  Rec. Doc. 163.  That grant was subsequently vacated because of continued confusion regarding the scope of the remaining trial issues of causation and damages issues in light of the grant, which did little to streamline the litigation.   Rec. Docs. 200, 229.  The Court finds that the current version of the plaintiffs' motion for summary judgment, although voluminous, is far from grantable.

Prickly issues as to prescription, reliance, causation, corporate status and the liability of each defendant to each plaintiff remain for trial, as does the availability of unjust enrichment.  Likewise, credibility issues abound.  Counsel for both sides are urged to use the time remaining before trial to prepare this case and examine each alleged instance of fraud with the attention required for trial.  Because this case has been pending since 2008, its status requires special reporting to the Fifth Circuit and the trial date can not be continued.

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by the plaintiffs, Allstate Insurance Company, Allstate Indemnity Company and Allstate Property & Casualty Company is DENIED. Rec. Doc. 278.

IT IS FURTHER ORDERED that the motion for summary judgment filed by the defendants is DENIED. Rec. Doc. 316.

Counsel for the plaintiffs is asked to arrange for retrieval of the boxes containing the Court's hard copy of this motion and exhibits.

New Orleans, Louisiana, this 7th day of May, 2013.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE