UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ALLSTATE INSURANCE CO., ET AL.                CIVIL ACTION

VERSUS                                        NO. 08-810

COMMUNITY HEALTH CENTER, INC., ET AL.         SECTION "C" (5)

**ORDER AND REASONS**

IT IS ORDERED that:

1. The plaintiffs' motion in limine to exclude expert testimony by treating physicians noticed by the defendants as lay witnesses is GRANTED IN PART and DENIED IN PART. Rec. Doc. 381. The two-fold distinction between an expert witness and a lay witness is the expert's ability to offer opinion testimony and to testify regarding matters about which he/she lacks personal knowledge. Fed. R. Evid. 601-602, 701-702. The witnesses in question actually participated in the treatment which forms the basis of the plaintiffs' allegations of fraud. They may testify regarding the opinions they espoused in connection with the defendants' allegedly fraudulent clinical practice.

2. Plaintiff's motion in limine to disallow any evidence related to defendants' counterclaim on judicial estoppel grounds is DENIED. Rec. Doc. 382. Plaintiffs argue that estoppel is proper given Kathy Hampton's failure to properly disclose her counterclaim in this case as an asset on her bankruptcy schedules. As an

1

initial matter, Kathy Hampton's representations to the bankruptcy court on individual filings could not bar Leon Hampton's presentation of evidence related to the same counterclaim of discriminatory business practices, which he has jointly pursued. As this matter is to be tried jointly, this motion in limine is largely moot.

Insofar as the plaintiffs argue that Ms. Hampton is barred from recovering on her counterclaim, the Court construes this argument as an untimely motion for summary judgment under Fed. R. Civ. P. 56 that is nevertheless DENIED. For judicial estoppel to apply, the party against whom estoppel is sought must have asserted a legal position that is "plainly inconsistent" with a prior position; next, a court must have accepted the prior position; finally, the party must not have acted inadvertently. *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011). In this case, Ms. Hampton neglected initially to list her interest in the present counterclaim among her schedule B assets, instead listing the case in her statement of financial affairs. Rec. Doc. 382-4. At the request of the trustee, Rec. Docs. 382-5, she amended her asset schedule to include the claim; however, she inaccurately attributed the counterclaim to her company, rather than to herself directly. Rec. Doc. 382-7. The trustee acknowledged in the § 341 meeting of creditors and correspondence with Ms. Hampton's counsel in the present case that the claim belonged to Ms. Hampton personally. *See* Rec. Docs. 382-5, 399-2. In

2

the plan confirmation order, the bankruptcy court ordered that parties owing Ms. Hampton sums for "unliquidated claims" to pay those sums directly to the trustee. Rec. Doc. 382-10.

On these facts, even if Ms. Hampton took "plainly inconsistent" positions, there was no acceptance or adoption by the bankruptcy court. Plaintiffs counter that the trustee's failure to compel assignment of the counterclaim by name in its amended plan suffices for purposes of judicial acceptance. Rec. Docs. 382-8, 382-9. However, they point to no case in which the acceptance prong has been satisfied by an action undertaken by the trustee alone, without the endorsement of the court, in a bankruptcy proceeding. *Cf. In re Superior Crewboats*, 374 F.3d 330, 335 (5th Cir. 2004) (finding adoption where "the bankruptcy trustee formally abandoned the claim, *and* the bankruptcy court issued a 'no asset' discharge" (emphasis supplied)). The confirmation order here plainly contemplates the asset in question.

Even were the Court inclined to find judicial acceptance on these facts, there is ample evidence in Ms. Hampton's attempts to advise the trustee regarding this pending counterclaim that any inconsistency in her positions at this Court and the bankruptcy court was inadvertent. No application of estoppel is warranted in this matter.

3. The defendants' motions in limine to exclude the testimony of the plaintiffs'

3

experts on handwriting, physiatry, physical therapy, and chiropractic therapy are DENIED. Rec. Docs. 385, 386, 387, & 388. Each expert has reviewed treatment records prepared by the defendants in this case, some of which were submitted to the plaintiffs for the purpose of obtaining compensation. The experts have also reviewed affidavits and deposition testimony of treating physicians, in addition to other evidence pertaining to the care actually provided in the defendants' clinic. The experts will opine, based on their respective expertise, on whether the defendants misrepresented the scope and nature of treatment in records allegedly intended for third party consumption. Such misrepresentations are relevant to the plaintiffs' claim of fraud, provided plaintiffs also establish that they were intentional, material, and actually relied upon by the plaintiffs' to their detriment. *See Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 627 (5th Cir. 1999) ("The elements of a Louisiana delictual fraud or intentional misrepresentation cause of action are: (a) a misrepresentation of a material fact, (b) made with the intent to deceive, and (c) causing justifiable reliance with resultant injury."); *cf. Allstate v. Receivable Finance*, 501 F.3d 398, 401-402 (5th Cir. 2007) (reversing judgment in favor of Allstate where it failed to prove actual reliance on any of the defendant's misrepresentation); *State Farm Mutual Automobile Insurance, Co. v. Lincow*, 715 F. Supp. 2d 617 (E.D. Pa. 2010) (distinguishing State Farm's fraud claim from that presented in *Allstate*, *supra*, based on its satisfaction of reliance).

4

Insofar as the defendants challenge the plaintiffs' ability to prove materiality, intent, or reliance based on the evidence provided in discovery, such arguments should have been brought via motion for summary judgment within the delay period specified in the scheduling order. Moreover, this case is distinguishable from *First United Financial Corp. v. U.S. Fidelity & Guar. Co.*, in that the experts in this case have not merely relied on their appraisal of ambiguous transaction records to reach an opinion regarding fraud or dishonesty. 96 F.3d 135, 136, 142 (5th Cir. 1996). They have compared representations made to the plaintiffs and would-be patients of the defendants' clinic, with internal records and witness testimony regarding the nature of care actually provided in the clinic. The defendants do not establish that this information was not the type reasonably relied on by experts in these fields to reach similar determinations. *See id.* at 138-139 (citing Fed. R. Evid. 703).

4. The defendants' motion in limine to exclude the plaintiffs' specific instances of fraud is DENIED. Rec. Doc. 389. The documents at issue were filed as part of the plaintiffs first amended complaint, Rec. Doc. 238, and on the plaintiffs representations to this Court, will not be offered as exhibits.

5. The defendants' motion in limine to exclude Exhibits H, I, and J offered by the plaintiffs in the joint bench book on relevance, hearsay, and redundancy grounds is GRANTED IN PART and DENIED IN PART. Rec. Doc. 390.

a. The defendants' motion in limine is GRANTED with respect to Exhibit H. Exhibit H is a list, prepared by the defendants, of patient files that the defendants were unable to produce in discovery. Plaintiffs contend this list is relevant to show the defendants failed to maintain patient files and that the records previously submitted to plaintiffs are in some cases the only records in existence. However, in their most recent amended complaint, plaintiffs have alleged no material misrepresentation with respect to the defendants file maintenance practices. Rec. Docs. 238 & 1. Moreover, the uniqueness of records is only relevant insofar as their weight or authenticity is disputed.

b. The motion in limine is DENIED as to Exhibit I. Exhibit I is a treatment plan disclosed to plaintiffs in discovery. Plaintiffs argue that upon proper authentication, it will establish intentional misrepresentation and lack of differentiation in the care prescribed for diverse injuries. Both are relevant in the instant case. Further, as the record purports to have been authored on behalf of defendant Community Health Center, Inc., upon authentication, it does not constitute hearsay if offered against that defendant. Fed. R. Evid. 801(D)(2)(C). As against the remaining defendants, it may be excepted from the hearsay prohibition under Rule 803(6).

      c.      Defendants' motion in limine is GRANTED as to Exhibit J, a handwritten admission by a witness that he concealed information on his application for a state chiropractor's license. Plaintiffs offer Exhibit J purely for its bearing on the witness's credibility. Extrinsic evidence is not admissible to prove specific instances of conduct to attack a witness's character for truthfulness. Fed. R. Evid. 608(B).

New Orleans, Louisiana this 27th day of September, 2013.

                                      HELEN G. BERRIGAN
                                      UNITED STATES DISTRICT COURT