UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ALLSTATE INSURANCE CO., ET AL.　　　　CIVIL ACTION

VERSUS　　　　NO. 08-810

COMMUNITY HEALTH CENTER, INC.,　　　　SECTION "C" (5)
ET AL.

**ORDER AND REASONS**

IT IS ORDERED that:

1. The defendants' objection to Exhibit A is OVERRULED. Community's patient records are relevant to the treatment actually provided, the billing for which plaintiffs allege was fraudulent.

2. The defendants' objections to Exhibits C and N are OVERRULED. Checks issued by the plaintiffs to the defendants or third-party plaintiffs are relevant indicators of economic damages allegedly suffered as a result of the plaintiffs' alleged fraud and unjust enrichment.

3. The defendants' objections to Exhibits D, E, F, and G, reports of the plaintiffs' expert witnesses, is OVERRULED for the time being, because defendants have only objected to reports if the experts do not testify. The experts will testify, and, therefore, the specific objection raised is moot.

4. The defendants' objections to Exhibits H, I, and J are SUSTAINED and

1

OVERRULED as provided in the Court's order and reasons on the defendant's motions in limine. Rec. Doc. 390.

5. The defendants' objection to Exhibit O, the notes of Allstate employees on patient files, is OVERRULED. The employees who prepared the files are competent to testify as to their authenticity. Fed. R. Evid. 901.

6. The defendants' objection to Exhibit P, a spreadsheet of losses claimed by the plaintiffs, is OVERRULED. The exhibit will be admissible upon the laying of proper foundation under Fed. R. Evid. 1006, *i.e.*, an offer of evidence sufficient to establish that the exhibit is an accurate summary of voluminous and otherwise admissible records, which were made available for inspection to the opposing party at a reasonable time before the trial date.

7. The plaintiffs objections to Exhibits Q, S, T, U, V, W, X, Y, BB, CC, and DD, affidavits of the defendant Kathy Hampton and various individuals associated with the defendants' clinic, are SUSTAINED. Affidavits are inadmissible at trial as hearsay under Fed. R. Evid. 801-802, unless the parties stipulate otherwise.

8. The plaintiffs' objection to Exhibit R, records of the defendants' compensation to Dr. Warren Williams, is OVERRULED. They are admissible at least for the limited purpose of showing what Dr. Williams, a witness at trial, made while working for on behalf of the defendants.

9. The plaintiffs' objection to Exhibit Z, the 2011-2012 X-ray proficiency

certificates, is OVERRULED. The objection goes to the weight to be given the exhibits, not the admissibility.

10. The plaintiffs' objection to Exhibit AA, Dr. Warren Williams's deposition testimony, is moot since Dr. Williams will testify at trial.

11. The plaintiffs' objections to Exhibits EE, FF, GG, and HH are OVERRULED. The exhibits purport to be internal communications by the plaintiffs regarding their scrutiny of the plaintiffs' billing requests. This is relevant to whether any of the plaintiffs' fraud allegations have prescribed under state law and whether certain alleged misrepresentations were relied upon in the plaintiffs' decision to issue payments in particular cases.

12. The plaintiffs' objection to the tax returns of Kathy Hampton from 2008 to 2011, is OVERRULED. They are relevant to her counterclaim for economic damages, insofar as a the instant litigation can be shown to violate her reputational or civil rights and a causal link can be established between the instant litigation and any demonstrated decline in income.

13. Both parties' objections to evidence noticed in the joint pretrial order, but not included in the bench books or sought to be introduced during either party's case in chief are OVERRULED.

New Orleans, Louisiana, this 27th day of September, 2013.

                                                HELEN G. BERRIGAN
                                                UNITED STATES DISTRICT JUDGE

4

Case 3:08-cv-00810-HGB-AC Document 427 09/27/13 Page 4 of 4